UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PIPE FITTERS' RETIREMENT FUND, LOCAL 597; PIPE FITTERS' WELFARE FUND, LOCAL 597; PIPE FITTERS' TRAINING FUND, LOCAL 597; PIPE FITTERS' INDIVIDUAL ACCOUNT AND 401(K) PLAN; PIPE FITTING COUNCIL OF GREATER CHICAGO; CHICAGO AREA MECHANICAL CONTRACTING INDUSTRY IMPROVEMENT TRUST; and PIPE FITTERS' ASSOCIATION, LOCAL UNION NO. 597 U.A., <br><br> Plaintiffs, <br><br> vs. <br><br> SPECIAL PROJECTS GROUP LLC, an Illinois Limited Liability Company, <br><br> Defendant. | CASE NO.: 1:25-cv-10868 <br><br> JUDGE: <br><br> MAG. JUDGE: |

**COMPLAINT**

NOW COME Plaintiffs, PIPE FITTERS' RETIREMENT FUND, LOCAL 597, *et al.*, by and through their attorneys, JOHNSON & KROL, LLC, complaining of the Defendant SPECIAL PROJECTS GROUP LLC ("Special Projects Group") and allege as follows:

**JURISDICTION AND VENUE**

1. This action arises under Sections 502 and 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") (29 U.S.C. §§ 1132 and 1145) and Section 301 of the Labor-Management Relations Act. (29 U.S.C. § 185). The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. §§ 185(c), 1132(e)(1), and 1145, as well as 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) in that the PIPE FITTERS' RETIREMENT FUND, LOCAL 597, the PIPE FITTERS' WELFARE FUND, LOCAL

597, the PIPE FITTERS' INDIVIDUAL ACCOUNT AND 401(K) PLAN and the PIPE FITTERS' TRAINING FUND, LOCAL 597 (collectively the "Funds") are administered at 45 North Ogden Avenue, Chicago, Illinois 60607 and pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Northern District of Illinois, Eastern Division.

## PARTIES

3. The Funds receive contributions from numerous employers pursuant to collective bargaining agreements between the employers and the PIPE FITTERS' ASSOCIATION, LOCAL UNION 597, U.A. ("Union"), and therefore are multiemployer plans under 29 U.S.C. § 1002.

4. The Funds were established and are administered pursuant to the terms and provisions of certain Agreements and Declarations of Trust (the "Trust Agreements").

5. Each of the Funds is administered by a Board of Trustees comprised of an equal number of Trustees representing employees and employers.

6. The Trustees of the Funds are fiduciaries within the meaning of ERISA.

7. The Trustees of the Funds have all general and incidental powers and duties appropriate to administer the funds including, inter alia, the authority to sue on behalf of each respective Fund in the name of the Fund as an entity.

8. Pursuant to 29 U.S.C. § 1132(a)(3), the Funds are authorized to bring this action on behalf of their participants and beneficiaries for the purpose of collecting unpaid contributions.

9. The CHICAGO AREA MECHANICAL CONTRACTING INDUSTRY IMPROVEMENT TRUST ("Industry Fund") is an industry improvement fund administered in Burr Ridge, Illinois.

10. The PIPE FITTING COUNCIL OF GREATER CHICAGO ("PFCGC") is a labor management cooperation committee that is administered in Chicago, Illinois.

11. The Union is the bargaining representative of Defendant Special Projects Group's pipefitter employees.

12. Defendant Special Projects Group is an Illinois limited liability company with its principal place of business located at 5216 Central Avenue, Western Springs, Illinois 60558.

## COUNT I
## BREACH OF THE AREA AGREEMENT

13. Plaintiffs re-allege and incorporate the allegations contained in Paragraph 1-12 of this Complaint with the same force and effect as if fully set forth herein.

14. Special Projects Group is an employer engaged in an industry affecting commerce that entered into a Subscription Agreement whereby it agreed to be bound by the Area Agreement negotiated between the Union and the Mechanical Contractors Association of Chicago ("Area Agreement") for all times relevant to this action. (A copy of the Subscription Agreement dated January 2, 2024, is attached hereto as **Exhibit 1**); ( A copy of the Area Agreement is attached hereto as **Exhibit 2**).

15. Pursuant to the Area Agreement, Special Projects Group became bound by the Funds' Trust Agreements.

16. Pursuant to the Area Agreement and Trust Agreements, Special Projects Group is required to make monthly reports of hours worked by its pipefitters employees and pay contributions to the Funds, Industry Fund and PFCGC for each hour worked pursuant to the Area Agreement at the negotiated rate. (**Exhibit 2**).

17. Pursuant to the Area Agreement and duly authorized dues check off cards, Special Projects Group is required to deduct union dues from its pipefitter employees' paychecks and

transmit those union dues to the Union on or before the 15th day of the calendar month following the calendar month during which the work was performed. (**Exhibit 2**).

18. Pursuant to the Area Agreement, Special Projects Group is required to deduct 401(k) elective or Roth deferrals from its pipefitter employees' paychecks and transmit those deferrals to the PIPE FITTERS' INDIVIDUAL ACCOUNT AND 401(K) PLAN (the "401(k) Plan") on or before the 15th day of the calendar month following the calendar month during which the work was performed. (**Exhibit 2**).

19. Pursuant to the Area Agreement, effective June 1, 2025, Special Projects Group is required to deduct $1.50 per hour paid from its pipefitter employees' paychecks as an emergency savings deduction and transmit those deductions to the 401(k) Plan on or before the 15th day of the calendar month following the calendar month during which the work was performed. The 401(k) Plan will then remit those deductions to each pipefitter employee accounts.

20. The monthly reports and contributions during all times relevant were due on or before the 15th day of the calendar month following the calendar month during which the work was performed. (**Exhibit 2**).

21. Pursuant to Section 402(g)(2) of ERISA and the provisions of the Area Agreement and Trust Agreements, employers who fail to make monthly reports of hours worked and pay contributions, 401(k) elective deferrals, Roth elective deferrals and emergency savings deductions to the Funds, Industry Fund, and PFCGC on a timely basis are responsible for the payment of liquidated damages equal to ten percent (10%) of the unpaid contributions plus interest in an amount equal to one percent (1%) per month. (**Exhibit 2**).

22. For the months of June and July 2025, Special Projects Group reported the hours worked but failed to pay contributions, union dues, 401(k) elective deferrals, Roth elective deferrals and emergency savings deductions in the known total of $160,462.11, as itemized below:

| Month: | Type: | Amount: |
|---|---|---|
| June 2025 | Contributions, union dues and emergency savings deductions | $82,911.39 |
| June 2025 | Roth elective deferrals | $31.92 |
| June 2025 | 401(k) elective deferrals | $7.96 |
| July 2025 | Contributions, union dues and emergency savings deductions | $77,460.99 |
| July 2025 | Roth elective deferrals | $39.90 |
| July 2025 | 401(k) elective deferrals | $9.95 |
| | Total: | $160,462.11 |

23. As a result of the late payment of contributions, 401(k) elective deferrals, Roth elective deferrals, and emergency savings deductions owed for months of June and July 2025, Special Projects Group is liable for liquidated damages and interest in an amount to be determined.

24. Special Projects Group has a continuing obligation to (a) contribute to the Funds, Industry Fund and PFCGC, (b) transmit union dues deducted from its pipefitter employees' wages to the Union, (c) transmit 401(k) elective and Roth deferrals deducted from its pipefitter employees' wages to the 401(k) Plan, and (d) transmit emergency savings deductions to the 401(k) Plan. Therefore, additional amounts may be owed by Special Projects Group, which the Plaintiffs also seek to include in damages for any judgment.

25. Plaintiffs have been required to employ the undersigned attorneys to collect the monies that are due and owing from Projects Group.

26. Special Projects Group is obligated to the pay the reasonable attorneys' fees and court costs incurred by the Plaintiffs pursuant to the Area Agreement, Trust Agreements, and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE,** Plaintiffs respectfully request:

A. That Judgment be entered in favor of Plaintiffs and against Defendant Special Projects Group for contributions, union dues, 401(k) elective deferrals, Roth elective deferrals and emergency savings deductions in the total known amount of $160,462.11 for work performed during June and July 2025;

B. That Judgment be entered in favor of Plaintiffs and against Defendant Special Projects Group for liquidated damages and interest in an amount to be determined resulting from its failure to timely pay contributions, 401(k) elective deferrals, Roth elective deferrals and emergency savings deductions for work performed during June and July 2025;

C. That Judgment be entered in favor of Plaintiffs and against Defendant Special Projects Group for all contributions, union dues, 401(k)/Roth elective deferrals, emergency savings deductions, liquidated damages and interest that are found to be due and owing in addition to the amounts identified in paragraphs A and B above;

D. That Defendant Special Projects Group be ordered to pay the reasonable attorneys' fees and costs incurred by the Plaintiffs pursuant to the Area Agreement, Trust Agreements, and 29 U.S.C. § 1132(g)(2)(D); and

E. That Plaintiffs have such other and further relief as the Court may deem just and equitable all at Defendant Special Projects Group's cost, pursuant to 29 U.S.C. § 1132(g)(2)(E).

Respectfully Submitted,

**PIPE FITTERS' RETIREMENT FUND, LOCAL 597,** *et al.*

/s/ Spencer J. Garner
Spencer J. Garner  (IL Bar No. 6349089)
JOHNSON & KROL, LLC
311 S. Wacker Drive, Suite 1050
Chicago, Illinois 60606
(312) 372-8587
garner@johnsonkrol.com

*Attorney for Plaintiffs*